53 F.3d 332
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles WHITE, Defendant-Appellant.
 No. 93-4049.
 United States Court of Appeals, Sixth Circuit.
 April 26, 1995.
 
 Before: RYAN and SILER, Circuit Judges; and MILES, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 The defendant, Charles White, appeals his conviction and sentence entered after he pleaded guilty to unlawful receipt of a firearm by a convicted felon, in violation of 18 U.S.C. Sec. 922(g). We are asked to determine whether: (1) the district court erred in utilizing the defendant's prior drug document convictions to enhance his sentence under the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e); (2) the district court complied with Fed.R.Crim.P. 32; and (3) the district court erred in denying the defendant's motion to suppress evidence.
 
 
 2
 Because of the government's concession at oral argument with respect to the first issue, the drug document offenses, the defendant's sentence is vacated and the case is remanded for resentencing.
 
 I.
 
 3
 In March 1989, the Cleveland, Ohio, Police Department was investigating possible drug activity taking place at 10227 Eliot Avenue. The police had information that narcotics were being sold from the house. First, a confidential informant reported to the police that drugs were being sold from this location. This informant had made a controlled purchase of narcotics from the house through a hole in one of the doors of the house. Second, police surveillance of the house indicated a flow of traffic in and out of the house consistent with drug activity.
 
 
 4
 Four days after the controlled purchase by the informant, the defendant, Charles White, and Michael Jackson arrived at 10227 Eliot Avenue in a van. Jackson exited the van and entered the house. He proceeded upstairs to the door where narcotics had been sold to the informant. Jackson remained in the house for five to ten minutes and then returned to the van.
 
 
 5
 The officers at the scene concluded that White and Jackson were more than casual buyers of narcotics due to the length of time Jackson spent in the house. The officers pulled up behind the van with their lights and siren turned on. The van pulled to the curb; without a request by the officers, White and Jackson placed their hands in the air as the officers approached the van.
 
 
 6
 The officers asked White and Jackson to exit the van. Both men were patted down. During an officer's pat-down of White, the officer felt two hard objects at White's waist which he believed were guns. He was correct. The officer then seized the two guns that White was carrying in a girdle around his waist.
 
 II.
 
 7
 In due course, White was charged with five counts of unlawful acquisition and possession of firearms because he had previously been convicted of several felonies. The previous felonies were two convictions for illegal processing of drug documents and a conviction for malicious entry.
 
 
 8
 One of the counts was based on the guns seized at 10227 Eliot Avenue. White moved to suppress the guns. The district court denied the motion. White then pleaded guilty to that count, reserving the right to appeal the ruling on the motion to suppress and the right to argue on appeal that he should not be sentenced as an armed career criminal under 18 U.S.C. Sec. 924(e). The government reserved the right to prosecute White on the remaining four counts if the ruling on the motion to suppress were reversed on appeal.
 
 
 9
 Based on White's previous two convictions for illegal processing of drug documents and a conviction for malicious entry, he was sentenced by the district court as an armed career criminal. The court imposed the mandatory sentence of fifteen years.
 
 III.
 
 10
 The defendant's first assignment of error is that the district court should not have considered his two prior convictions for processing drug documents as predicate offenses under 18 U.S.C. Sec. 924(e) because processing drug documents is not a "serious drug offense" within the meaning of Sec. 924(e).
 
 
 11
 The Armed Career Criminal Act, 18 U.S.C. Sec. 924(e) (Supp.1994), in pertinent part, provides:
 
 
 12
 (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years ... the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.
 
 
 13
 (2) As used in this subsection--
 
 
 14
 (A) the term 'serious drug offense' means--
 
 
 15
 ...
 
 
 16
 (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance ..., for which a maximum term of imprisonment of ten years or more is prescribed by law;
 
 
 17
 In order to include White's prior convictions for illegal processing of drug documents within Sec. 924(e), processing drug documents must fall within "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance", the language of Sec. 924(e)(2)(ii).
 
 
 18
 White's prior convictions for illegal processing of drug documents involved his possession of forged prescriptions for Preludin. At oral argument, the government conceded that one of the defendant's illegal processing of drug document convictions involved only the possession of a forged prescription with no intent to distribute and that it was error for the district court to consider the mere possession of a forged document as a serious drug offense under 18 U.S.C. Sec. 924(e).
 
 
 19
 Because of this concession, the defendant is no longer subject to sentence enhancement under 18 U.S.C. Sec. 924(e) as there are no longer three predicate offenses. The case, therefore, must be remanded for resentencing.
 
 IV.
 
 20
 Second, the defendant argues that this court must vacate his sentence because the district court failed to comply with Rule 32 of the Federal Rules of Criminal Procedure. Specifically, the defendant maintains that the district court failed to rule on objections the defendant raised during sentencing.
 
 
 21
 Our standard of review is governed by the Federal Rules of Criminal Procedure. "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 52(a).
 
 
 22
 Prior to the 1994 amendments, rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure provided:
 
 
 23
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court, shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing....
 
 
 24
 Former rule 32 expressly states that the district court need only make specific rulings on objections to factual inaccuracies in the presentence report. The defendant tells us that he raised the following objections during sentencing: (1) his 1967 conviction for malicious entry was constitutionally invalid because he had ineffective assistance of counsel; (2) the 1967 conviction was not a violent felony within the meaning of the statute and, therefore, enhancement was improper; (3) his 1979 convictions for illegal processing of drug documents were not drug trafficking offenses as defined in the statute; and (4) the 1979 convictions should be counted as only one offense as they were part of a single criminal episode.
 
 
 25
 Although the defendant argues that these are factual objections, clearly they are not; they are legal objections. Therefore, the district court did not err in failing to specifically rule on each of the aforementioned objections made by the defendant.
 
 V.
 
 26
 Lastly, the defendant argues that the district court erred in denying his motion to suppress the guns seized from him at 10227 Eliot Avenue. Specifically, he argues that the police did not have probable cause or reasonable suspicion to detain or search the defendant. He argues that the police had probable cause to detain and search only the driver of the car, Michael Jackson.
 
 
 27
 When reviewing the denial of a motion to suppress evidence, the appellate court must consider the evidence in the light most favorable to the government. United States v. Williams, 962 F.2d 1218, 1221 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992). This court applies the clearly erroneous standard to findings of fact when reviewing the ruling of a district court on a motion to suppress, but reviews conclusions of law de novo. Id.
 
 
 28
 Terry v. Ohio, 392 U.S. 1 (1968), permits a "stop and frisk" by police where the police officer's stop is based on specific, articulable facts indicating reasonable suspicion that a crime has been committed. Id. at 21.
 
 
 29
 Once a lawful stop occurs, a frisk or "pat-down" of a person's outer garments is permissible where it appears from the facts known to the officer that there is a reasonable likelihood that the individual is armed and the officer's safety is in jeopardy. Id. at 28. According to Alabama v. White, 110 L.Ed.2d 301 (1990), reasonable suspicion is dependent upon both (1) the content of information possessed by the police, and (2) the informant's degree of reliability.
 
 
 30
 In the present case, viewing the facts in a light most favorable to the government, the informant's information, in combination with the personal observations of the police, gave the police reasonable suspicion that White and Jackson were engaging in criminal activity. Based on the informant's tip, the police knew that drug activity and sales were occurring at 10227 Eliot Avenue. They personally observed Jackson entering the house and remaining there for a significant period of time. The tip was reliable because it was confirmed by the drug sale involving the informant.
 
 
 31
 The officers were also justified in conducting a "pat-down" of White. In light of the drug activity that was taking place at the house and the common knowledge that individuals involved in buying and selling drugs often carry guns, it was reasonable for the officers to fear that White could be carrying a gun. The officers did not expand the scope of the search allowed by Terry. Only a "pat-down" for weapons was conducted. When the officer felt a bulge at the defendant's waist, he was entitled to seize the guns from the defendant. Thus, the district court did not err in denying the defendant's motion to suppress.
 
 VI.
 
 32
 Because of the error in sentencing the defendant under 18 U.S.C. Sec. 924(e), the defendant's sentence is VACATED and the case is REMANDED for resentencing.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation